## ILLOWSKY v. BISHOP BABCOCK BECKER CO.

(Supreme Court, Appellate Term, First Department.    April 11, 1916.)

COURTS ☞190(4)—MUNICIPAL COURT—FAILURE TO FILE RETURN—MOTION TO DISMISS.

   Although rule 16 of the rules of the Municipal Court provides that, in case of the death or disability or prolonged absence from the city of a justice, the case on appeal may be settled by the justice presiding in Part 1 in the district in which the judgment is entered with the same force and effect as if he had tried the case where the trial justice was taken ill before the appellant could give notice of settlement, and the appellant claims that a proposed amendment is so material and so peculiarly within the province of the trial justice to decide, that no other justice can determine whether the amendment should be allowed, a motion to dismiss for failure of the appellant to file the return will be denied, unless the respondent will stipulate that the proposed amendment be allowed.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. ☞190(4).]

Action by David Illowsky against the Bishop Babcock Becker Company.    From a judgment for plaintiff, defendant appeals, and plaintiff moves to dismiss the appeal.    Motion denied.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Myle J. Holley, of New York City, for appellant.
Milton J. Levy, of New York City, for respondent.

PER CURIAM.    The respondent moves to dismiss the appeal herein for failure on the part of the appellant to file the return.    The notice of appeal was served on February 16, 1916, and the minutes of the stenographer were filed soon after.    Before the appellant could promptly give notice of settlement the trial justice was taken ill, and ever since has been in such a condition as to be unable to settle the case.    Rule 16 of the rules of the Municipal Court provide that:

"In case of the death or disability or prolonged absence from the city of a justice the case on appeal may be settled by the justice presiding in Part 1 in the district in which the judgment was entered with the same force and effect as if he had tried the case."

The appellant admits his knowledge of this rule, but claims that one of the proposed amendments is so material, and that the allowance or disallowance is so peculiarly within the province of the trial justice to decide, that no other justice can determine whether or not the amendment should be allowed.

Under such circumstances, the motion must be denied, unless the respondent will stipulate that the proposed amendment be allowed. If such stipulation is filed, the return must be made at least 10 days before the first day of the next term. If such stipulation is not filed, the motion may be renewed, if there is any unreasonable delay in filing the return.